IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMALUD-DIN ALMAHDI,
      Petitioner
    v.
ROBERT WERLINGER, WARDEN,
F.C.I. LORETTO,
      Respondent

: Case No. 3:11-cv-187-KRG-KAP

## Report and Recommendation

### Recommendation

Pending is petitioner's motion to alter or amend judgement under Fed.R.Civ.P. 59. docket no. 17. I recommend that it be denied.

### Report

Petitioner, originally sentenced before the Sentence Reform Act was applicable, filed a petition under 28 U.S.C.§ 2241, asserting that a 48 month parole violation sentence imposed by the Parole Commission was unlawful. I recommend that the habeas petition be dismissed for procedural default, and the Court agreed. Petitioner's motion asserts that procedural default does not apply to his claim that his custody is unlawful because the Parole Commission acted outside of statutory authority in issuing the parole violation warrant. I presume petitioner is referring to his original argument that the warrant was improper because it was allegedly issued by a case analyst and not the Commission itself. See docket no. 1, Petition, and id., Exhibit 1 (Warrant Application).

Despite petitioner's argument that claims involving statutory or regulatory interpretation are exempt from procedural default, I can find no authority to support that position, and see no reason why a petitioner should be able to bypass exhaustion of administrative remedies on some claims and not others. The advantage of the contrary policy is obvious: one unified appeal reduces the waste of both administrative and court time.

The Rule 59 motion should be denied. Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: July 12, 2013

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Jamalud-Din Almahdi, Reg. No. 15322-086
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640